IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYSHEED DAVIS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-4728 |
| | : | |
| INTERNAL REVENUE SERVICE, | : | |
| Defendant. | : | |

**MEMORANDUM**

**PADOVA, J.**                                                              **FEBRUARY 9 , 2022**

On September 3, 2021, Tysheed Davis, an inmate currently incarcerated at SCI-Dallas,

initiated this civil action.   Although the Court previously dismissed this case for failure to

prosecute, the Court will reopen the matter because it appears by recent filings that Davis intends

to proceed with this case.  For the following reasons, the Court will grant Davis leave to proceed

*in forma pauperis* and his Complaint will be dismissed without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).

**I.       FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Davis's initial pleading consisted of photocopies of several federal criminal statutes and

references to his state inmate number, without further explanation.  (*See* Civ. A. No. 21-4026, ECF

No. 1.)  Davis's submission was initially construed as a habeas petition filed pursuant to 28 U.S.C.

§ 2254, challenging the constitutionality of his custody pursuant to a state criminal judgment.

Consequently, Davis was provided with the Court's current standard form for filing a petition

pursuant to 28 U.S.C. § 2254 and directed to complete the form.  (*See id.* at ECF No. 6.)  Because

he did not either file an application to proceed *in forma pauperis* or pay the necessary fees to

commence a lawsuit, Davis was also provided with the Court's standard form for filing an

application to proceed *in forma pauperis*.

On October 1, 2021, the Court received Davis's Amended Petition, which alleged that he did not receive an income tax check.  (*See id.* at ECF No. 7 at 8, 14.)  The amended pleading clarified that Davis did not intend to challenge his prior criminal proceedings under 28 U.S.C. § 2254.  Accordingly, the Court dismissed Davis's Amended Petition without prejudice and directed the Clerk of Court to open a new civil matter classified as an action filed under the Internal Revenue Code.  (*See id.* at ECF No. 9).  Davis's "Amended Petition" was docketed as a "Complaint" under the above civil action number and was assigned to the undersigned for review. (Civ. A. No. 21-4728, ECF No. 2.)  Davis's application to proceed *in forma pauperis* was transferred to this civil action as well.

Because Davis failed to file a complete application to proceed *in forma pauperis*, by Order dated November 1, 2021, the Court directed Davis to either pay the necessary filing fees, or file a complete motion to proceed *in forma pauperis* with a certified copy of his prisoner account statement (or institutional equivalent) showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined for the six-month period from May 25, 2021 through October 25, 2021, reflecting account activity from that time period.  (*See* ECF No. 5.)  Moreover, because the bases for Davis's claims remained unclear, and the Court also directed the Clerk of Court to send to Davis at blank copy of the Court's standard form Complaint so that he could file an amended Complaint.  (*Id.*)

In response, Davis filed numerous motions for appointment of counsel and various photocopies of law treaties that were docketed as exhibits.  (*See* ECF Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, 19.)  He also filed an application to proceed *in forma pauperis* and a Complaint. (ECF Nos. 16, 17.)  Because he failed to file the required institutional account statement, Davis was again instructed to do so by Order dated December 7, 2021.  (ECF No. 20.)  Davis was advised

that his failure to comply with the Court's Order could result in the dismissal of his case for failure

to prosecute.  (*Id.*)  Although he filed yet another copy of several pages of a law treatise (ECF No.

21), Davis failed to file the required institutional account statement and his case was dismissed

without prejudice by Order dated January 27, 2022 (ECF No. 22).  On January 31, 2022, Davis

filed his institutional account statement that displays his account activity from May 19, 2021

through January 27, 2022.  (ECF No. 23.)  Davis also filed a new application to proceed *in forma*

*pauperis*.  (ECF No. 24.)

The allegations in Davis's Complaint are quite brief.  He asserts a *Bivens*[1] claim alleging

that "[t]hey are not giveing me my income Tax check."  (ECF No. 17 at 4.)  He further states that

"[t]hey ain't give me my income Tax check the IRS.  Dates May 31, 2021 to June 19, 2021.  The

IRS was involved with not giveing me my income tax check."  (*Id.*)  Davis contends that he

suffered physical harm as a result, and wants "the Court to give me all my money that they need

to pay me and [a]ll the money the need to pay me for my pain and suffering.  And not being able

to take care of my family and [a] hospital visit[]."  (*Id.* at 5.)

## II.     STANDARD OF REVIEW

Because Davis appears to be unable to pay the filing fee in this matter, the Court will grant

him leave to proceed *in forma pauperis*.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the

Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim

under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388. 389 (1971).  "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'"  *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

[2] However, because Davis is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,'" the

Court will accept the facts alleged in the *pro se* complaint as true, "'draw[] all reasonable

inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, .

. . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366,

374 (3d Cir. 2021) (first, third, and fourth alterations in original) (quoting *Perez v. Fenoglio*, 792

F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Davis is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*,

8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d

Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se*

litigants . . . .'" *Id.* (quoting *Mala*, 704 F.3d at 244). The Court will "apply the relevant legal

principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 244.)

However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."

*Id.* (quoting *Mala*, 704 F.3d at 245).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil

Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a

pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.

*See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit

explained that in determining whether a pleading meets Rule 8's "plain" statement requirement,

the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and

the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93

(citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93 (quoting *Schaedler v. Reading Eagle Publication, Inc.*, 370 F.2d 795, 797 (3d Cir. 1967)) (additional citation omitted); *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." (quotations omitted)). Dismissals under Rule 8 are "'usually reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.   DISCUSSION

Davis's Complaint fails to comply with the requirements of Rule 8. Having reviewed Davis's Complaint in its entirety, the Court cannot discern what the factual or legal bases for his claims are, or what relief he seeks from the Court. The Complaint does not contain a short and plain statement of facts showing that he is entitled to relief. Davis has not described the actions allegedly taken by the named Defendant and fails to allege a legal claim to which the Defendant can respond on the merits. In short, because the Defendant could not reasonably be expected to respond to it, the Complaint does not satisfy Rule 8 and must be dismissed.

For the foregoing reasons, the Court will vacate its Order dismissing this case for failure to prosecute, grant Davis leave to proceed *in forma pauperis*, and dismiss his Complaint.  Because the Court cannot say at this time that Davis can never allege plausible claims, the dismissal will be without prejudice and Davis will be permitted the opportunity to file an amended complaint. Davis will be granted an opportunity to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim." *Gambrell v. S. Brunswick Bd. of Educ.*, Civ. A. No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). If he chooses to file an amended complaint, Davis must allege a basis for the Court's jurisdiction and that venue is proper in this District.[3]  He also should provide as much factual information he can about the incident he believes violated his civil rights, describe the named Defendant's alleged role in the incident, and state the relief he seeks.

An order follows containing additional instructions about amendment.

BY THE COURT:
/s/ John R. Padova, J.

_____

JOHN R. PADOVA, J.

---

[3] Davis is advised that, under the Internal Revenue Code:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).  The Court also notes that Davis is incarcerated at SCI-Dallas which is located in the Middle District of Pennsylvania.  *See* 28 U.S.C. § 118(b).  If Davis files an amended Complaint and it appears from the face of the pleading that there is no apparent basis for venue in this district, the Court will transfer Davis's amended Complaint to the appropriate United States District Court.  *See* 28 U.S.C. § 1391(b) & 1406(a).