## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYSHEED DAVIS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-4728** |
| | : | |
| **INTERNAL REVENUE** | : | |
| **SERVICE, et al.** | : | |
| **Defendants.** | : | |

### MEMORANDUM

**Goldberg, J.**                                                                                      **March 1, 2022**

Presently before me is *pro se* Plaintiff Tysheed Davis's Amended Complaint (ECF No. 36). For the reasons that follow, the Amended Complaint will be dismissed in part with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Davis will be granted leave to file a second amended complaint on his claim against Defendant Internal Revenue Service ("IRS") only.

## I.        FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On September 3, 2021, Davis, an inmate currently incarcerated at SCI-Dallas, initiated a civil action. (*See* Civ. A. No. 21-4026, ECF No. 1.) Davis's initial pleading consisted of photocopies of several federal criminal statutes and references to his state inmate number, without further explanation. (*Id.*) Davis's submission was initially construed as a *habeas* petition filed pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his custody pursuant to a state criminal judgment. Consequently, Davis was provided with the Court's current standard form for filing a petition pursuant to 28 U.S.C. § 2254 and directed to complete the form. (*See id.* at ECF No. 6.) Because he did not either file an application to proceed *in forma pauperis* or pay the

necessary fees to commence a lawsuit, Davis was also provided with the Court's standard form for filing an application to proceed *in forma pauperis*.

On October 1, 2021, the Court received Davis's Amended Petition, which alleged that he did not receive an income tax check. (*See id.* at ECF No. 7 at 8, 14.) The amended pleading clarified that Davis did not intend to challenge his prior criminal proceedings under 28 U.S.C. § 2254. Accordingly, the Court dismissed Davis's Amended Petition without prejudice and directed the Clerk of Court to open a new civil matter classified as an action filed under the Internal Revenue Code. (*See id.* at ECF No. 9). Davis's "Amended Petition" was docketed as a "Complaint" under the above civil action number and was assigned to the Honorable John R. Padova for review. (Civ. A. No. 21-4728, ECF No. 2.) Davis's application to proceed *in forma pauperis* was transferred to this civil action as well.

Because Davis failed to file a complete application to proceed *in forma pauperis*, by Order dated November 1, 2021, the Court directed Davis to either pay the necessary filing fees, or file a complete motion to proceed *in forma pauperis* that included a certified copy of his prisoner account statement (or institutional equivalent) showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined for the six-month period from May 25, 2021 through October 25, 2021, reflecting account activity from that time period. (*See* ECF No. 5.) Moreover, because the basis for Davis's claims remained unclear, the Court also directed the Clerk of Court to send Davis a blank copy of the Court's standard form Complaint so that he could file an amended Complaint. (*Id.*)

In response, Davis filed numerous motions for appointment of counsel and various photocopies of law treatises that were docketed as exhibits. (*See* ECF Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, 19.) He also filed an application to proceed *in forma pauperis* and a Complaint.

(ECF Nos. 16, 17.)  Because he failed to file the required institutional account statement, Davis was again instructed to do so by Order dated December 7, 2021 and was given fourteen days to comply.  (ECF No. 20.)  Davis was advised that his failure to comply with the Court's Order could result in the dismissal of his case for failure to prosecute.  (*Id.*)  Although he filed yet another copy of several pages of a law treatise, (ECF No. 21), Davis failed to file the required institutional account statement and his case was dismissed without prejudice by Order dated January 27, 2022 (ECF No. 22).  On January 31, 2022, Davis filed his institutional account statement that displays his account activity from May 19, 2021 through January 27, 2022.  (ECF No. 23.)  Davis also filed a new application to proceed *in forma pauperis*.  (ECF No. 24.)

Consequently, the Court vacated its Order dismissing Davis's case for failure to prosecute, granted Davis leave to proceed *in forma pauperis*, and screened his Complaint in accordance with 28 U.S.C. § 1915.  In the Complaint, Davis indicated that he sought to assert a *Bivens*[1] claim against the IRS alleging that "[t]hey are not giving me my income tax check."  (ECF No. 17 at 4.)  He alleged that he suffered physical harm as a result and sought monetary damages.  (*Id.* at 5.)  By Memorandum and Order dated February 9, 2022, Davis's Complaint was dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 8, because the Court could not discern the factual or legal bases for his claims against the IRS, and Davis was granted leave to file an amended complaint.  (ECF Nos. 25, 26.)

Davis subsequently submitted additional pleadings that again consisted of photocopies of law treatises, as well as another motion for appointment of counsel.  (*See* ECF Nos. 27, 28, 29, 30,

---

[1]  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971).  "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'"  *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).  *Bivens* created a limited remedy for violations of constitutional rights by federal actors.  *Id.*

21, 32.)  Davis also filed an Amended Complaint on February 22, 2022.  (ECF No. 33.)  It is unclear whether Davis received the Court's February 9, 2022 Memorandum and Order that re-opened this case before he filed the Amended Complaint, which was mailed out to him at SCI-Dallas on February 11, 2022, as the Amended Complaint contains a handwritten date of February 16, 2022.  (*See id.* at 11.)

In this Amended Complaint, Davis again named as Defendant the IRS, but also named the Honorable John R. Padova.  (ECF No. 33 at 2.)  Davis alleged that he did not receive the Court's December 7, 2021 Order directing him to file his prison account statement until January 20, 2022.  (*Id.* at 3-5.)  He claimed that his "rights to trial in John R. Padova courtroom" were violated as a result when his case was dismissed for failure to comply, and that he "wanted to settle out of court."  (*Id.*)  Davis alleged that he was directed to send the account statement by December 21, 2021, but that he "couldn't have sent him an account statement because I didn't receive the order until January 20, 2022."  (*Id.*)  Davis sought to "settle out and discharge the case" and also sought $10 million in damages.  (*Id.* at 5.)  He also requested the Court to investigate the reason for the delay in his receipt of the December 7, 2021 Order.  (*Id.*)  Because Judge Padova was named as a Defendant in the Amended Complaint, this matter was reassigned to me on February 24, 2022.  (*See* ECF No. 34).

Davis has continued to file photocopies of pages from law treatises, (*see* ECF No 34), and on February 25, 2022, filed yet another Amended Complaint (ECF No. 36.)  In this most recently filed Amended Complaint, Davis now names as Defendants the IRS, SCI-Dallas, and Judge Padova.  (Am. Compl. at 2-3.)  Davis alleges that the IRS sent him "a 1040 form to file and they violated my rights by not given (sic) me my check when they was (sic) supposed to" on June 18, 2021.  (*Id.* at 3.)  He claims that the "IRS sent everybody a check but not me.  SCI Dallas put out

a memo on June 18, 2021 to everybody . . . [and] they violated the federal law because the Correctional Officers was (sic) supposed to pass out the checks and not put out a false memo." (*Id.* at 4-5.) Additionally, Davis claims that his rights were violated because he did not receive the Court's December 7, 2021 Order until January 20, 2022. (*Id.*) He asserts that he could have submitted the account statement in a timely manner had he been made aware of the requirement. (*Id.* at 5.)

Davis claims that he has suffered physical harm and seeks $100 billion in damages, although he will settle the case for $50 million. (*Id.* at 6.) Additionally, Davis requests that I investigate his claims that the IRS never sent SCI-Dallas his check, that SCI-Dallas never gave him his check, and that Judge Padova failed to timely send him the December 7, 2021 Order. (*Id.*) The most recently filed Amended Complaint (ECF No. 36) is now the operative pleading in this case and is ripe for screening in accordance with 28 U.S.C. § 1915(e)(2)(B).[2]

## II.   STANDARD OF REVIEW

Because Davis has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires me to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine

---

[2]  An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. Appx 221, 223 n.2 (3d Cir. 2016) (*per curiam*); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *Argentina v. Gillette*, 778 F. Appx 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Section 1915 also requires the dismissal of claims for monetary relief brought against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *Rauso v. Giambrone*, 782 F. App'x 99, 101 (3d Cir. 2019) (*per curium*) (holding that § 1915(e)(2)(B)(iii) "explicitly states that a court shall dismiss a case 'at any time' where the action seeks monetary relief against a defendant who is immune from such relief").

As Davis is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F.3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

## III.    DISCUSSION

### A.    Claims Against the Honorable John R. Padova

Davis's claims against Judge Padova fail because Judge Padova is entitled to judicial immunity. Judges are entitled to absolute immunity from civil rights claims that are based on acts

or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Martinez v. Eagle Disposal*, 783 F. Appx 206, 211 (3d Cir. 2019) (*per curiam*) (affirming dismissal of federal judicial defendant on the basis of absolute judicial immunity).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Since Davis's claims against Judge Padova are based on acts he took in his judicial capacity while presiding over the civil matter in which Davis is a plaintiff, Judge Padova is entitled to absolute immunity from those claims.  Accordingly, Davis's claims against Judge Padova will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).[3]

### B.    Claims Against SCI-Dallas

I understand Davis to allege a claim against SCI-Dallas under 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  States are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of

---

[3]  Davis claims that he did not receive the Court's December 7, 2021 Order directing him to file his prison account statement until January 20, 2022.  (Am. Compl. at 3-5.)  The Court notes however, that the December 7, 2021 Order was not the first time Davis was directed to submit his institutional account statement as part of his application to proceed *in forma pauperis*.  Davis previously was directed to do so by Order dated November 1, 2021, (*see* ECF No. 5), yet he failed to comply.  Moreover, while the December 7, 2021 Order directed Davis to comply within fourteen days, Davis was given an additional grace period and his case was not dismissed until January 26, 2022.  (*See* ECF No. 22.)  In any event, the Order dismissing Davis's case was vacated after Davis filed his prison account statement and his Complaint was screened in accordance with 28 U.S.C. § 1915(e)(2)(B).  (*See* ECF Nos. 25, 26.)

Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Since SCI-Dallas is a prison within Pennsylvania's Department of Corrections, it is entitled to Eleventh Amendment immunity and is not a "person" for purposes of § 1983. *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. Appx 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI-Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."). The Court will therefore dismiss the claims against SCI-Dallas with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## C.   Claims Against the Internal Revenue Service

The Court construes Davis's claim against the IRS as a tax refund claim pursuant to 26 U.S.C. § 7422, seeking funds distributed under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). Section 2201 of the CARES Act created a "recovery rebate," structured as a $1,200 tax credit for eligible individuals. 26 U.S.C. § 6428. The tax credit was treated as an "advance refund," meaning qualified individuals would directly receive the rebate as an Economic Impact Payment ("EIP"), or so called "stimulus check." *Id.* § 6428(f). EIP funds may not be withheld from individuals who are otherwise eligible solely based on their incarceration status. *See Scholl v. Mnuchin*, 494 F. Supp. 3d, 661, 692-93 (N.D. Cal. 2020). Davis appears to allege that the IRS improperly withheld from him an EIP when such funds were distributed to inmates at SCI-Dallas in June 2021. (*See* Am. Compl. at 4 ("I claim that the IRS didn't send SCI Dallas an income tax check on June 18, 2021

when they was (sic) supposed to.  I also claim that SCI Dallas put out a memo on June 18, 2021 telling people that they was (sic) going to give everybody a check, but didn't.").)

Davis has failed to state a plausible tax refund claim under 26 U.S.C. § 7422.[4]  Such a claim requires administrative exhaustion.  *Morton v. United States Virgin Islands*, 2021 WL 6137867, at *3 n.6 (3d Cir. Dec. 29, 2021) (citing *United States v. Williams*, 514 U.S. 527, 533 (1995)); *see also United States v. Clintwood Elkhorn Mining. Co.*, 553 U.S. 1, 4 (2008) (a taxpayer must first comply with the tax refund scheme established in the tax code by filing an administrative claim with the IRS before filing suit in federal court for credit or refund of overpaid taxes).  Here, Davis does not allege that he filed a 2020 tax return or that he exhausted his administrative remedies by filing an administrative claim.  Accordingly, the Court lacks jurisdiction over Davis's claim against the IRS.  This claim will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.    CONCLUSION

For the foregoing reasons, the claims against the Honorable John R. Padova and SCI-Dallas will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).  Davis's claim against the IRS will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Because the Court cannot say at this time that Davis can never allege a plausible claim against the IRS, the

---

[4]  Section 7422 provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

dismissal will be without prejudice and Davis will be permitted the opportunity to file a second amended complaint against this Defendant in the event he can show he has properly filed a 2020 tax return or that he exhausted his administrative remedies by filing an administrative claim.  An order follows containing additional instructions about amendment.